### LEVI FORTNEY *v.* JESSE MOORE.

**Real Estate—Judicial Sale—Redemption from Sale—Sale Bond.**
>    In order for one to make out a title to land through a sheriff's deed, such person must show the execution and judgment on which it issued, or a bond of equal dignity of a judgment by judicial sanction.

**Sale Bond.**
>    Where a bond is taken by a commissioner for the balance of the purchase money of land sold, but which is not reported to the court, a title secured through an execution on such bond and sale thereunder by the sheriff is not good, and will be set aside.

APPEAL FROM MUHLENBURG CIRCUIT COURT.

January 9, 1875.

OPINION BY JUDGE PETERS:

This record presents some very extraordinary features. Eli Fortney, it appears, was the owner of the tract of land in controversy, and being indebted to one George W. Short in various sums of money, mortgaged the land to secure the payment of said debts.

Short filed his petition in the Muhlenburg circuit court against said Fortney to foreclose said mortgage, and to subject the land to

the payment of his debts. Pending the suit said Short died, and it was revived in the name of Joseph Short, his executor, and a judgment was then rendered foreclosing the mortgage, and ordering a sale of the land or so much thereof as should be necessary to pay the debts owing to Short, all of which are specifically set forth; and then the judgment read as follows:

"That said land be sold at the court house in Greenville on a court day, to the highest bidder, on a credit of four and eight months, with interest from date, the purchaser giving bond with good security, having the force of a judgment payable to said executor," etc.

The master, who was directed to make the sale, reported to the court that he did, on the 29th day of August, 1864, it being county court, and after having advertised as required by said decree, sell at the court house door in Greenville, the 200 acres of land in the decree mentioned, and Levi Fortney became the purchaser at the price of $604, and executed bond with William H. Fortney as security, due in six months, bearing interest from date, all of which is respectfully reported. Signed, Jesse H. Reno, commissioner.

The bond is not made a part of the report. But a bond dated August 29, 1869, purporting to have been executed by Levi Fortney, William Fortney and Eli Fortney, due six months after date, for six hundred and four dollars, and payable to Jesse H. Reno, commissioner, is filed. And the copy of an order made in said case is filed in the following words: Jesse H. Reno, commissioner, reported to court his sale of land in this action, and the same was ordered to be confirmed, and thereupon Jesse H. Reno, as commissioner, produced and acknowledged in open court a deed from himself, as commissioner, to Levi Fortney, which deed was examined, approved and endorsed by the court, and ordered to be certified to the proper officer for record. That deed was recorded in the proper office.

The bond, executed by Levi Fortney and his sureties, having matured, and they having failed to satisfy the same, an execution was sued out on it in the name of Reno, commissioner, against all of the payors, and placed in the hands of the sheriff of Muhlenburg county, who levied it on the land in controversy, and the same was sold by him to appellee, Jesse Moore, on the 27th day of October, 1867, at the price of $432.47, it having been valued on the day of sale by two housekeepers selected for the purpose at the sum of $1,600.

This suit was brought by Levi Fortney to set aside the sale or

to be permitted to redeem the land by refunding to Moore the price paid for it by him on the various grounds set forth in his petition. The relief sought is resisted by Moore, who, in his answer, traversed all the material allegations of the petition; and by cross-pleadings he asks to be put into the possession of the land under his purchase, and for a judgment for rents. Eli Fortney, by appropriate pleadings, asks judgment against Levi Fortney and Moore, for a surplus of 73 acres of land in the tract, over and above what was sold. Levi Fortney's petition was dismissed with costs, and he seeks a reversal of that judgment.

A question of primary importance and preliminary to those so elaborately discussed by counsel on both sides, is presented at the threshold of the investigation, and that is as to what is the character of title that appellee acquired by his purchase at the sheriff's sale.

In order to make out a title to the land through the sheriff's deed, the appellee must show the execution and the judgment on which it issued, or a bond raised to the dignity of a judgment by judicial sanction. The sale bond on which the execution issued has never been returned and reported to the court. The one which the commissioner reports he took was executed by Levi Fortney and William H. Fortney as his surety, different from the one on which the execution issued.

That one was executed by Levi Fortney, with William H. Fortney and Eli Fortney as sureties. Besides, he reports that having advertised the land as required by the decree, he sold it and took a bond from the purchaser, due in six months, but fails to state to whom the bond was made payable, or that the sale in other respects conformed to the requirements of the decree; and by an examination of the decree it is found that the sale was required to be made on a credit of four and eight months, instead of which the commissioner sells the land on a credit of six months, and takes the bond payable to himself, when he was required by the judgment to take bonds payable to G. W. Short's executor. It seems that the report of the commissioner was confirmed, which may be regarded as an approval by the court of the change of the terms of the sale made by the commissioner, and also of the bond which he reported he took from the purchaser, which, according to that report, was not the bond on which the execution issued, under which the land was sold. Consequently the execution was unauthorized, and Moore acquired no title by the sheriff's deed.

But even if that objection did not exist, we are satisfied from the evidence that Eli Fortney tendered the money paid by Moore for the land with 10 per cent. interest thereon, within the time prescribed by law to redeem the land.

In either aspect of the case, the judgment must be reversed and the cause remanded with directions to render judgment against Levi and William H. Fortney in favor of Jesse Moore for the sum of $432.47, with interest at the rate of 6 per cent. per annum from October 28, 1867, until paid, and to fix a certain day by which the money is to be paid. On failure to pay the same within the time prescribed, the land, or so much thereof as shall be required to pay said debt, interest and costs of sale, shall be sold for cash in hand at the court house door in Greenville, on the first day of a circuit or county court after properly advertising said sale. The sheriff's deed to said Moore for said land shall be set aside. *Reversed* for further proceedings consistent herewith.

*Charles Eaves, for appellant.*
*J. C. Thompson, for appellee.*

